**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000124
03-JUL-2013
09:40 AM**

NO. CAAP-11-0000124

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE ARBITRATION BETWEEN
TRUSTEES OF THE DON HO REVOCABLE LIVING TRUST,
Claimants-Appellees, v. DORIANNE HO, ELIZABETH
GUEVARA and DONALEI HO, Respondents-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 10-1-0345)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Respondent-Appellant Dorianne L. DeMattos (a.k.a. Dorianne L. Ho) (**DeMattos**) appeals *pro se* from a January 27, 2011 Final Judgment entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Respondents-Appellants Elizabeth Guevara (**Guevara**) and Donalei Ho (**Ho**) filed *pro se* a "Joint Notice of Appeal" with DeMattos, but failed to file briefs or otherwise prosecute their appeals herein.

DeMattos's brief fails in numerous and substantial ways to comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), but nevertheless enumerates four points of error, contending that the Circuit Court erred in: (1) reforming the trust; (2) enforcing the settlement agreement; (3) enforcing the

---

[1] The Honorable R. Mark Browning presided.

arbitration clause in the settlement agreement; and (4) approving the arbitration award and entering final judgment in this matter.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve DeMattos's points of error as follows:

DeMattos's first three points of error fail to identify any orders in the proceedings below that could be construed to reform a trust, order the enforcement of a settlement agreement, or enforce an arbitration clause in a settlement agreement. It appears that these issues were the subject of a related, but separate, Probate Court proceeding. DeMattos fails to present any cogent factual or legal argument in support of any relief related to these points of error. We therefore conclude that these points of error are without merit.

DeMattos's fourth point of error appears to challenge the Circuit Court's January 14, 2011 order that, *inter alia*, granted Claimants-Appellees the Trustees of the Don Ho Revocable Living Trust's (**Trustees**) motion to confirm the subject arbitration award and denied DeMattos, Ho, and Guevara's motion to vacate the arbitration award. DeMattos's failure to provide an adequate record, in particular her failure to include a transcript of the December 27, 2010 hearing on the Trustees' motion to confirm and the respondents' motion to vacate, and her other failures to comply with HRAP Rule 28(b)(4) hamper our review of DeMattos's assertion of error. See Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151-52, 682 P.2d 82, 87 (1984). In addition, DeMattos has failed to establish and the record does not demonstrate that the Circuit Court plainly erred when it rejected the respondents' arguments that the arbitration award should be vacated based on one of six

alternative grounds stated in Hawaii Revised Statutes § 658A-23 (Supp. 2012) and instead granted the Trustees' motion to confirm.

For these reasons, the Circuit Court's January 27, 2011 Final Judgment is affirmed.

DATED: Honolulu, Hawai'i, July 3, 2013.

On the briefs:

Dorianne Ho
Respondent-Appellant Pro Se

Crystal K. Rose
Adrian L. Lavarias
(Bays Lung Rose & Holma)
for Claimants-Appellees

Presiding Judge

Associate Judge

Associate Judge